**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jordani Emil Medrano,<br><br>           Plaintiff,<br><br>v.<br><br>Robert Torres, et al.,<br><br>           Defendants. | No. CV-25-00167-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff's application for leave to proceed in forma pauperis (Doc. 2), which the Court hereby grants. The Court will screen the complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to that screening, the complaint will be dismissed with leave to amend.

I.      Legal Standard

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

1  *Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action,
2  supported by mere conclusory statements, do not suffice."  *Id.*
3        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
4  claim to relief that is plausible on its face.'"  *Iqbal,* 556 U.S. at 678 (quoting *Bell Atlantic*
5  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff
6  pleads factual content that allows the court to draw the reasonable inference that the
7  defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint
8  states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing
9  court to draw on its judicial experience and common sense."  *Id.* at 679.
10        The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally."
11  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* litigant]
12  'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.*
13  (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).  Conclusory and vague
14  allegations, however, will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ.*
15  *of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  A liberal interpretation may not supply
16  essential elements of the claim that were not initially pled.  *Id.*
17  II.    <u>Analysis</u>
18        The complaint alleges that Defendant Robert Torres accused Plaintiff of (1) being a
19  pedophile, (2) "[illegible] off to Marlene," and (3) molesting Torres by "touching his butt."
20  (Doc. 1 at 4.)  Based on these allegations, the complaint asserts claims "for harassment,
21  intimidation, and deformations"[2] and "for destroying mental health."  (*Id.*)  As for
22  Defendant Phoenix Police Department, it "allowed Robert Torres to claim child
23  molestation while being homeless."  (*Id.*)
24        The complaint cannot be served in its current state.  There is no way to determine
25  whether any defendant may be liable for any cause of action.  Rule 8 requires "simplicity,
26  directness, and clarity," such that each defendant should easily be able to determine "what
27  he is being sued for."  *McHenry*, 84 F.3d at 1178.  That is lacking here.
28

---

[2]    The Court questions whether Plaintiff meant "defamation," not "deformations."

    Moreover, even if the Court were to assume that the complaint asserts a defamation claim against Robert Torres, the allegations, taken as true, are insufficient to support the cause of action. Not only does the complaint fail to allege when the challenged conduct occurred, but under Arizona law, "[o]ne who publishes a false and defamatory communication concerning a private person is subject to liability, if, but only if, he (a) knows that the statement is false and it defames the other, (b) acts in reckless disregard of these matters, or (c) acts negligently in failing to ascertain them." *Dube v. Likins*, 167 P.3d 93, 104 (Ariz. Ct. App. 2007). Furthermore, statements made to police officers regarding violations of criminal law are absolutely privileged. *Ledvina v. Cerasani*, 146 P.3d 70 (Ariz. Ct. App. 2006); *see also Finchem v. Fernandez*, 2023 WL 5125590, *4 (Ariz. Ct. App. 2023) (absolute privilege not limited to crime victims and witnesses). Here, the complaint lacks allegations as to the falsity of Torres's statements and as to Torres's knowledge, reckless disregard, or negligent failure to apprehend that falsity, and further lacks allegations that Torres published the statements to anyone other than the police.

    As for the Phoenix Police Department, the facts do not appear to give rise to any cause of action.

    The Court will dismiss the complaint with leave to amend. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted). Although it appears that the deficiencies of the complaint cannot be cured by amendment, the Court concludes that it is not "absolutely clear," considering the lack of detail in the allegations as they presently stand.

    The amended complaint must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Additionally, the amended complaint must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered

1 paragraphs, each limited as far as practicable to a single set of circumstances."). Where a
2 complaint contains the factual elements of a cause, but those elements are scattered
3 throughout the complaint without any meaningful organization, the complaint does not set
4 forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman*
5 *Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

6       If the amended complaint fails to comply with the Court's instructions as provided
7 in this Order, the action may be dismissed pursuant to 28 U.S.C. § 1915(e) and/or Rule
8 41(b) of the Federal Rules of Civil Procedure. *McHenry*, 84 F.3d at 1177 (affirming
9 dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given
10 this specific guidance on pleading requirements, the Court is not inclined to grant leave to
11 file another amended complaint if the first amended complaint is found to be
12 deficient. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal
13 with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in
14 prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*,
15 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend
16 is particularly broad where plaintiff has previously amended the complaint.").

17       Plaintiff is directed to become familiar with the Local Rules and the Federal Rules
18 of Civil Procedure and is reminded that the Federal Court Self-Service Clinic provides free
19 civil legal help to self-represented litigants. (*See* Notice to Self-Represented Litigant, Doc.
20 4.)

21       Accordingly,

22       **IT IS ORDERED granting** the Application to Proceed in District Court without
23 Prepaying Fees or Costs (Doc. 2).

24       **IT IS FURTHER ORDERED** that the complaint (Doc. 1) is **dismissed** with leave
25 to file an amended complaint by **February 14, 2025**. The amended complaint must adhere
26 to LRCiv 7.1.

27       …
28       …

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint by **February 14, 2025**, the Clerk of Court shall terminate the action.

Dated this 27th day of January, 2025.

Dominic W. Lanza
United States District Judge

- 5 -